FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 OCT -4   PM 12: 40

MIDDLE DISTRICT COURT
ORLANDO. FLORIDA

| | |
|---|---|
| MICHAEL MARKO and MIKE'S INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>BENJAMIN & BROTHERS, LLC, d/b/a RESERVATIONS.COM,<br><br>Defendant | Case No.: 6: 17-cv-1725-ORL-41-GJK<br><br>JURY TRIAL DEMANDED<br><br>Assigned to: |

## CLASS ACTION COMPLAINT

Plaintiffs Michael Marko and Mike's Inc., (collectively referred to herein as "Plaintiffs"), by and through Plaintiffs' counsel, brings this action individually and on behalf of all others similarly situated against Benjamin & Brothers, LLC, doing business as Reservations.com (hereinafter referred to as "Defendant"), alleging, upon personal knowledge as to Plaintiffs' individual actions and upon information and belief and/or Counsel's investigations as to all other matters, the following:

### INTRODUCTION

1.     Benjamin & Brothers, LLC, d/b/a Reservations.com, is an Orlando, Florida based company that has reportedly booked more than 2 million rooms for over 1.5 million travelers at more than 150,000 hotels worldwide.

2.     Upon information and belief, Defendant's key business decisions are made in Florida. Reservations.com is headquartered at 390 N Orange Avenue in Orlando, Florida 32836. The headquarters of a business is commonly the location where the executives of a business work

1

and where many of the key business decisions are made.  Plaintiffs do not have any reason to believe that Defendant's headquarters are any different.

3.      Additionally, Defendant is a Florida limited liability company whose members, Mahesh Chaddah and Yatin Patel, are citizens of the state of Florida.

4.      Lastly, Defendant's press releases appear to come from Orlando, Florida. *See, e.g.*, https://reservations.com/press (Last visited: September 30, 2017).

5.      Plaintiffs bring this case as a class action to challenge the unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent policies and/or practices of Defendant related to Defendant's unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent marketing and/or sale of hotel rooms and its unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent administration of its hotel booking platform, its cancellation policies and practices, and its policies and/or practices related to its assessment of a hidden booking fee.

6.      This class action seeks compensatory damages, restitution, disgorgement of profits, costs of suit, treble damages, attorneys' fees, declaratory judgment, injunctive relief, and any other relief that this Court deems just and proper arising from Defendant's unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent business policies and/or practices related to Defendant's practice of charging a $14.99 hidden fee on each hotel room booked and its illusory cancellation policy and/or other terms.

## PARTIES, JURISDICTION, AND VENUE

7.      Plaintiff Michael Marko is a citizen of the state of Illinois.

8.      Plaintiff Mike's Inc. is an Illinois corporation with its principal place of business in Illinois.  For purposes of jurisdiction. Plaintiff Mike's Inc. is, therefore, a citizen of the state of Illinois.

2

9.      Plaintiffs have been damaged as a result of Defendant's unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent business policies and/or practices.

10.     Defendant, doing business as Reservations.com ("Reservations.com" or "Defendant") is a Florida limited liability company whose members, Mahesh Chaddah, and Yatin Patel, are citizens of the state of Florida. For purposes of jurisdiction, Defendant is, therefore, a citizen of the state of Florida.  Defendant is an online hotel booking platform.

11.     At all times herein mentioned, the acts and omissions of Defendant proximately caused the injuries and damages as herein alleged.

12.     This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C.§ 1332 as amended by the Class Action Fairness Act of 2005 because:

    a.      the number of members of the proposed plaintiff class is greater than 100;

    b.      At least one member of each plaintiff class is a citizen of a State different from at least one Defendant;

    c.      the amount in controversy, aggregated among all individual class members, plus statutory damages and attorney's fees, exceeds $5 million.

13.     Under 28 U.S.C. 1391, venue lies in this District because:

    a.  a substantial part of the events or omissions giving rise to the claim occurred in this District;

    b.  Defendant resides in this District and each Defendant is a resident in the state in which this District is located; and/or

    c.  Defendant is subject to the court's personal jurisdiction with respect to the action.

## STATEMENT OF FACTS

14.     On November 28, 2016, Plaintiffs booked a group of hotel rooms in Paducah, Kentucky, for or about December 8 – 10, 2016, through Reservations.com by way of telephone.

15.     During the call, Plaintiffs indicated three (3) hotel rooms were needed.

3

Reservations.com asked for a payment method and booked the number of hotel rooms requested.

16.     Reservations.com never sent Plaintiffs an email confirmation or receipt.

17.     Subsequently, a change needed to be made to the reservation, so Plaintiffs called the hotel.  Specifically, Plaintiffs needed to cancel one of the rooms.  A representative of the hotel informed Plaintiffs the hotel reservation could not be modified by calling the hotel and that Plaintiffs would have to contact Defendant directly to do so because Plaintiffs did not book the reservation through the hotel directly.

18.     A representative from the hotel said that this happens all of the time.

19.     Even though Plaintiffs followed the cancellation policy requirements on the hotel page, Plaintiffs were unable to effectively cancel the rooms that were no longer needed.

20.     In particular, the FAQs on the Reservations.com website indicate the following about how to cancel a reservation[1]:

> How do I cancel my reservation?
> ← Manage your Reservation
>
> Be sure to review your cancellation policy prior to cancelling your reservation, which was provided **on the hotel page as well as your confirmation email**.

(emphasis added).

21.     First, Plaintiffs were never provided with a confirmation email.

22.     Second, Plaintiffs followed the cancellation policy that was provided on the hotel page; however, was not able to effectively cancel the reservation as Defendant had represented.

23.     Third, Defendant failed to disclose, among other things, that one cannot cancel a reservation by contacting the hotel directly.

24.     Given the above, Reservations.com made it impossible to for Plaintiffs to cancel

---

[1] Available at: http://support.reservations.com/knowledgebase/articles/388041-how-do-i-cancel-my-reservation (Last Visited: 9/12/2017)

the hotel room.

25.     Defendant's policies are put in place to prevent a consumers' ability to effectively cancel or modify a booking – resulting in a huge loss to Plaintiffs in the amount of (a) the room or rooms a consumer wishes to cancel or modify and (b) additional fees to the company it was not entitled to.

26.     Plaintiffs were also charged with a $14.99 hidden fee for each room booked that Defendant failed to disclose to Plaintiffs prior to booking the rooms.  Plaintiffs did not become aware of the charges until Plaintiffs saw them on Plaintiffs' credit card statement.

27.     Defendant does not disclose the hidden booking fee at any point in the reservations process.  Nor does Defendant disclose the hidden booking fee in its marketing materials.

28.     For example, Defendant's Google Search result claims that by booking through Reservations.com, one should save money.

> **Reservations.com: Save big on your hotel. Book Now!**
> *www.reservations.com/*
>
> Big savings up to 60% off on hotels in top destinations. Book your hotel now
> with *Reservations.com.*

29.     Based upon Defendant's material omissions and/or unfair, deceptive, unlawful, unconscionable, and/or fraudulent policies and/or practices, Plaintiffs booked a hotel room through Defendant.

30.     For the reasons set forth in this Complaint, Plaintiffs has been damaged.

31.     Plaintiffs are not the only ones who have been impacted by Defendant's material omissions and/or otherwise unfair, deceptive, unlawful, unconscionable, and/or fraudulent policies and/or practices.

32.     From 520 reviews for Reservations.com, Sitejabber.com indicates a 1.3 average Star rating from 520 reviews.

33.    Trustpilot.com indicates a 1 star average review.  However, one person indicated "[i]f I was able to rate this company below 1 star I would;" another stated, "If I could go lower, I would."; and one even stated "If I could give a minus 100, I would!!!"   *See*: https://www.trustpilot.com/review/reservations.com.

34.    A sample of complaints found online echo Plaintiffs' story:

Marjorie S.
[1 Star]
Big Rip Off!!!!!
8/16/17

Buyer Beware!!! I looked up a particular hotel to get the number to call to make a reservation and a listing popped up that said the hotel name and to call this number for reservations. I called and booked the room and then later was charged a service fee for "their help" in reserving the room. What a joke! Talk about taking advantage of senior citizens! CHECK YOUR LISTING AND MAKE SURE IT DOES NOT SAY RESERVATIONS.COM!!

P R.
[1 Star]
Ditto
8/15/17

Read all the various comments on this review site and other similar [*sic*]. Read them in totality. No need to say anything further.

Brent t.
"Rating should be zero or less"
[1 Star]

We accidental booked with reservations.com last week as their website looked like the hotel website. My bad for not paying more attention to the actual website. We booked the room for one night for $94. My credit card was charged over $130. Looks like I was charged an extra $15 fee that was never documented or discussed through the entire reservation process. When I checked out of the hotel I asked for a receipt and couldn't get one because it was through reservations.com. I called them to get a receipt and they said they would email a detailed receipt showing all charges within 24 hours. 8 days later I still haven't heard from them. Of course, this was a business trip and I need a receipt to claim the expense. Looks like I made a donation!

Do not use these morons to book hotels. There are extra charges that you are

unaware of and no customer service later. They are thieves!

Jerry A.
"Be ready for added - not disclosed fees!"
8/12/17

Several sites had my room for the same price, but reservations.com added a hidden $14.99 to my bill.

Bettina H.
"Total crooks!"
8/11/17
They did not tell me about the $15 service fee and they charged me 24% tax, when the total should have been 13%. So a $109 hotel room cost $150! When I called to cancel, they would not refund the service fee, but after raising a stink they said they'd waive it as a courtesy, IF I kept the reservation. When I told them they are overcharging the tax and I wanted to cancel anyway, they lied to me about what the tax was and then once again couldn't refund the service fee. So far I have not received the cancellation notice they said they sent, so I guess I'm going to have to take it up with my credit card company. Went to hotel chain website and got same room for a total of $111, with the correct tax charged!

Charles P.
"Online Piracy!"
8/7/17
Our reservation with a national chain was hijacked and doubled by these pirates. Refunded the room cost when we canceled but not their $15 fee x 2! They are a pop-up that is made to look like the home page but is not. Then you don't know that the reservation is through a third party or that there is an extra "Fee" until you check your card statement and or try to change or cancel the reservation. There should be a negative stars for this one!

Emmy L. – 1 star
"BEWARE! They charge extra 14.99 for using their site."
9/5/17

They have a very deceitful/misleading website. Appears like you are booking directly with the hotel in addition to that they charge you $14.99 and not explicitly added when you check out.
AVOID if all possible.

*See*, https://www.sitejabber.com/reviews/www.reservations.com

Other websites provide similar customer experiences:

Preeti Warnock
Published Wednesday, August 9, 2017
Bad business - scammers

I thought I was booking directly through the hotel website. I called the 800 number
to confirm details. Not once did the agent mention anything about the 14.95 service
charge. Did not receive an email confirmation. Noticed this charge on my CC
statement. Very shady.

Paolo Torres
Published Monday, July 31, 2017
Updated Monday, July 31, 2017

Horrible Customer Service

First of all, I wanted to address how "HORRIBLE" your customer service is...Worst
customer service experience I've ever had...If I can rate reservations.com a zero or
even in the negatives, I would of!
I manage 40 stores, so I know...what stellar customer service suppose to be.
(Booking a hotel / accepting payments seems to be so easiest part for you?...Trying
to get an itemized receipt? is like pulling teeth and nails. I booked a hotel via
reservations.com 07/11, Today is 07/30 and I still have not received my receipt, not
to mention I've called numerous times and was placed on hold for an hour and a
half of nothing)
After reading all the complaints, for the most, people were complaining about how
dishonest / unexpected charges they've been charged. (Quote on Quote $14.95) to
some people...customer service goes a long way!
I travel about 6 to 8 times a month...First time I've ever used Reservations.com and
will be the last...

*See*: https://www.trustpilot.com/review/reservations.com

## CLASS ACTION ALLEGATIONS

35.     Plaintiffs bring these claims individually and on behalf of all other similarly

situated persons pursuant to Rule 23(a)(b)(2), (b)(3), and (c)(4) of the Federal Rules of Civil

Procedure.

36.     The Classes are defined as follows:

> All persons and entities in the United States who booked a reservation
> through Reservations.com by telephone or online and were charged a
> $14.99 fee booking fee.
>
> All persons and entities in the United States who booked a reservation

through Reservations.com by telephone or online and were unable to cancel a reservation.

37.     The Sub-Class is defined as:

All persons and entities in Illinois who booked a reservation through Reservations.com by telephone or online and were charged a $14.99 fee booking fee.

All persons and entities in Illinois who booked a reservation through Reservations.com by telephone or online and were unable to cancel a reservation.

38.     Excluded from the Classes are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or Defendant's respective parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) Any governmental entities and any instrumentalities, subdivisions, and agencies thereof; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (6) the legal representatives, successors and assigns of any such excluded person; (7) Counsel of record.

39.     The Classes and Sub-Classes are collectively referred to as the "Classes."

40.     Plaintiffs reserve the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

41.     **Numerosity.  Fed. R. Civ. P. 23(a)(1).** While Plaintiffs do not know the exact number of class members, Plaintiffs believe there are (at least) thousands of members in each Class. Undoubtedly, individual joinder in this case is impracticable.  More than one thousand class members is sufficient to satisfy numerosity under Fed. R. Civ. P. 23(a)(1).  Class Members can be easily identified through Defendant's records database.

42.     **Commonality and Predominance.  Fed. R. Civ. P. 23(a)(2) and (b)(3).** There are

several questions of law and fact common to the claims of Plaintiffs and Members of the Classes.

All of the Members of the Classes' claims are based upon the same facts and circumstances. Fed.

R. Civ. P. 23(a)(3). The questions of law and fact common to the members of the Classes

predominate over any questions affecting only individual Members of the Classes. The resolution

of common questions in this case will resolve the claims of both Plaintiffs and the Classes.

Common questions include, but are not limited to, the following:

a.   Whether Defendant unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly misrepresented the terms of the agreement;

b.   Whether Defendant unfairly, unethically, unlawfully, falsely, fraudulently, deceptively, misleadingly, unconscionably, and/or confusingly induced Plaintiffs and the Members of the Classes into signing the agreement based on omissions, misrepresentations, and/or false promises;

c.   Whether Defendant's policy and/or practice of failing to disclose that each hotel room booked will be subject to a non-cancellable hidden booking fee of $14.99 per room is unfair, unethical, unlawful, false, fraudulent, deceptive, misleading, unconscionable, and/or confusing;

d.   Whether Defendant's policy and/or practice of failing to send email booking confirmations so that Plaintiffs are not aware of the booking fee and so that Plaintiffs do not know how to effectively cancel a room is unfair, unethical, unlawful, false, fraudulent, deceptive, misleading, unconscionable, and/or confusing;

e.   Whether Defendant's policy and/or practice of failing to disclose that cancelling as outlined on the hotel's webpage is not an effective way to cancel a room is unfair, unethical, unlawful, false, fraudulent, deceptive, misleading, unconscionable, and/or confusing; and/or

f.   Whether Defendant unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly omitted that there is a $14.99 booking fee;

g.   Whether Defendant unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly described the illusory cancellation policy;

h.      Whether the hidden booking fee is an unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent liquidated damages clause;

i.      Whether Defendant's marketing, sales, and/or other business practices are unfair, deceptive, unlawful, fraudulent, unconscionable, and/or unethical;

j.      Whether Plaintiffs and the Classes are entitled to compensatory, actual, and/or statutory damages as a result of Defendant's unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent conduct;

k.      Whether Defendant unfairly, unlawfully, unconscionably, fraudulently, falsely, and/or deceptively failed to inform class members of the hidden booking fee and/or that that the cancellation policy was illusory.

l.      Whether Defendant violated the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA") and/or the consumer protection statutes of the various states;

m.      Whether Defendant concealed material facts in its advertising materials and/or agreement and/or failed to adequately disclose to Plaintiffs material facts;

n.      Whether Defendant have engaged in deceptive acts and/or practices in connection with the sales, marketing, and/or administration of its products and/or services;

o.      Whether Defendant breached one or more agreements with Plaintiffs and the Class Members;

p.      Whether Defendant was unjustly enriched;

q.      Whether Defendant's agreement is unconscionable and/or contain unconscionable provisions;

r.      Whether Plaintiffs and the Classes are entitled to treble damages, punitive damages, and/or other monetary relief;

s.      Whether Plaintiffs and the Classes are entitled to injunctive, declaratory relief, and/or other equitable relief.

43.      **Typicality. Fed. R. Civ. P. 23(a)(3).** The claims of Plaintiffs are typical of the claims of the respective Classes. The claims of the Plaintiffs and the respective Classes are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiffs and the respective Classes. Plaintiffs and all members of the Classes

are similarly affected by Defendant's wrongful conduct and were damaged in the same way.

44.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the Classes because Plaintiffs' claims arise out of the same common course of conduct giving rise to the claims of the other members of the Classes. Plaintiffs fall within each class definition and Plaintiffs' interests do not conflict with the interests of the Members of the Classes Plaintiffs seek to represent. Plaintiffs are passionate about this litigation personally and will prosecute this action vigorously for the benefit of the Members of the Classes. Plaintiffs are represented by experienced and able attorneys from coordinated law firms. Plaintiffs are represented by counsel who are competent and experienced in the prosecution of class action litigation, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of the Members of the Classes. Plaintiffs and class counsel can fairly and adequately protect the interests of all of the Members of the Classes. Neither Plaintiffs nor their counsel have any interest adverse to those of the other Members of the Classes.

45.     **Superiority. Fed. R. Civ. P. 23(b)(3):** Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining redress for claims that it might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in management of this class action.

46.     The litigation without the classes would allow litigation claims that, in view of the expense of the litigation, may be insufficient in amount to support separate actions. Individual

litigation of each Member of the Classes' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Classes would have no reasonable remedy and would continue to suffer losses, as Defendant continues to engage in the bad faith, unlawful, unfair, unconscionable, fraudulent, and/or deceptive conduct that is the subject of this Complaint, and Defendant would be permitted to retain the proceeds of its violations of law. Absent a class action, most of the respective Members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

47.     **Injunctive and Declaratory Relief is Appropriate. Fed. R. Civ. P. 23(b)(1).** The prosecution of separate actions by individual members of the classes would create a risk of:

a.      Inconsistent or varying adjudications with respect to individual members of the respective classes which would establish incompatible standards of conduct for the Defendant; and

b.      Adjudications with respect to individual members of the respective classes which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

48.     **Policies Generally Applicable to the Classes.   Fed. R. Civ. P. 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to the classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to each of the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinge on

Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiffs.

49. **Certification of Particular Issues. Fed. R. Civ. P. 23(c)(4).** Issue certification is also appropriate because the following particular issues (among others) exist that may be brought or maintained as a class action:

a. Whether Defendant unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly misrepresented the terms of the agreement;

b. Whether Defendant unfairly, unethically, unlawfully, falsely, fraudulently, deceptively, misleadingly, unconscionably, and/or confusingly induced Plaintiffs and the Members of the Classes into signing the agreement based on omissions, misrepresentations, and/or false promises;

c. Whether Defendant's policy and/or practice of failing to disclose that each hotel room booked will be subject to a non-cancellable hidden booking fee of $14.99 per room is unfair, unethical, unlawful, false, fraudulent, deceptive, misleading, unconscionable, and/or confusing;

d. Whether Defendant's policy and/or practice of failing to send email booking confirmations so that Plaintiffs are not aware of the booking fee and so that Plaintiffs do not know how to effectively cancel a room is unfair, unethical, unlawful, false, fraudulent, deceptive, misleading, unconscionable, and/or confusing;

e. Whether Defendant's policy and/or practice of failing to disclose that cancelling as outlined on the hotel's webpage is not an effective way to cancel a room is unfair, unethical, unlawful, false, fraudulent, deceptive, misleading, unconscionable, and/or confusing; and/or

f. Whether Defendant unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly omitted that there is a $14.99 booking fee;

g. Whether Defendant unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly described the illusory cancellation policy;

h. Whether the hidden booking fee is an unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent liquidated damages clause;

i.     Whether Defendant's marketing, sales, and/or other business practices are unfair, deceptive, unlawful, fraudulent, unconscionable, and/or unethical;

j.     Whether Defendant unfairly, unlawfully, unconscionably, fraudulently, falsely, and/or deceptively failed to inform class members of the hidden booking fee and/or that that the cancellation policy was illusory.

k.     Whether Defendant violated the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA") and/or the consumer protection statutes of the various states;

l.     Whether Defendant concealed material facts in its advertising materials and agreement and/or failed to adequately disclose to Plaintiffs material facts;

m.     Whether Defendant has engaged in deceptive acts or practices in connection with the sales, marketing, and/or administration of its products and/or services;

n.     Whether Defendant breached one or more agreements with Plaintiffs and the Class Members;

o.     Whether Defendant was unjustly enriched;

p.     Whether Defendant's agreement is unconscionable and/or contain unconscionable provisions;

q.     Whether Plaintiffs and the Classes are entitled to treble damages, punitive damages, and/or other monetary relief; and/or

r.     Whether Plaintiffs and the Classes are entitled to injunctive, declaratory relief, or other equitable relief.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT / BREACH OF THE COVENANT
### OF GOOD FAITH AND FAIR DEALING

(On Behalf of Plaintiffs and All Classes)

50.     Plaintiffs reallege and reincorporate herein by this reference all of the allegations set forth in paragraphs 1 through 34 as though set forth in full herein.

51.     Plaintiffs and the Class entered into a contract with Defendant to purchase the hotel rooms in which they paid money and conferred a benefit on Defendant.

52.     All conditions precedent to Defendant's liability under this contract have been performed by Plaintiffs and the Class.

53.     As described throughout the Complaint, the actions taken by Defendant has violated the specific terms of the agreement with its customers.

54.     Defendant breached the express terms of the agreement by charging Plaintiffs and the Classes more than the advertised rate of the hotel room, which was what was agreed to. Specifically, Defendant violated the Agreement by instituting a range of practices that were never disclosed to customers nor agreed to – namely, charging a $14.99 booking fee on top of each hotel room booked.

55.     Furthermore, Defendant breached their contract with Plaintiffs and the Class by claiming the Plaintiffs and the Class Members could cancel their room if they followed the hotel webpage instructions for cancelling their room and when Plaintiffs and the Class Members attempted to cancel the room by doing just that, Defendant failed to issue a refund.

56.     Defendant is liable for the losses of Plaintiffs and the Classes that have resulted from Defendant's breaches of the parties' contractual agreement.

57.     Additionally, under the laws of the states where Defendant does business, good faith is an element of every contract pertaining to the assessment of overdraft fees.  Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.  Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of

contracts.

58.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his conduct to be justified.  A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  Examples of violations of good faith and fair dealing are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

59.     Defendant has breached the covenant of good faith and fair dealing through its policies and practices as alleged herein.  For example, to the extent Defendant argues that it was allowed to impose a hidden booking fee or not refund Plaintiffs and the Class' money when Plaintiffs followed the instructions on how to cancel a room by adhering to the cancellation instructions on the hotel webpage, it will be shown that such an interpretation of the contract violates the covenant of good faith and fair dealing.  The covenant of good faith and fair dealing constrains Defendant's discretion to abuse self-granted contractual powers.

60.     Plaintiffs and the Classes have performed all, or substantially all, of the obligations imposed on them under the agreement.

61.     Plaintiffs and members of the Classes have sustained damages as a result of Defendant's breaches of the agreement and/or as a result of Defendant's breaches of the agreement as modified by the covenant of good faith and fair dealing.

## COUNT II

**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

**FLA. STAT. §§ 501.201 *et seq.***

**(On Behalf of Plaintiffs and All Classes)**

17

62. Plaintiffs reallege and reincorporate herein by this reference all of the allegations set forth in paragraphs 1 through 34 as though set forth in full herein.

63. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") broadly prohibits "unfair methods of competition, unconscionable acts or practices" and "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

64. A primary purpose of the FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat. (2003).

65. Hotel rooms were sold in "trade or commerce" as defined by the FDUTPA. Fla. Stat. § 501.203(8).

66. Plaintiffs are permitted to bring this private action under the FDUTPA pursuant to Florida Statute § 501.211(1)-(2) because Plaintiffs are each a "person" within the meaning of FUDTPA, "who has suffered a loss as a result of a violation" of FDUTPA and, as a result, may bring an action for declaratory and injunctive relief, and/or to recover "actual damages, plus attorney's fees and court costs." Fla. Stat. § 501.211(1)-(2). Plaintiffs' maintenance of this action and any injunctive relief will benefit the public. Plaintiffs bring this cause of action on behalf of themselves and a class of similarly situated Florida residents, against Defendant.

67. In their dealings with Plaintiffs, Defendant omitted material information that the FDUTPA requires them to disclose, including the following:

a. That each hotel room booked will be subject to a non-cancellable hidden booking fee of $14.99 per room.

b. That Defendant fails to send email booking confirmations so that Plaintiffs are not

18

aware of the booking fee and so that Plaintiffs do not know how to effectively cancel a room;

      c.     That Defendant's cancellation policy fails to disclose that cancelling as outlined on the hotel's webpage is not an effective way to cancel a room; and/or

      d.     That Defendant's cancellation policy is illusory.

68.     Defendant was obligated to disclose this material information because Defendant had exclusive knowledge of the hidden booking fees and illusory cancellation policy that was unavailable to the general public, and in order to clarify their affirmative misstatements concerning the actual cost to book a room through Reservations.com and the cancellation policies.

69.     Defendant's material omissions were made with the intent that Plaintiffs and the Florida Class members rely thereon in connection with their purchase of hotel rooms.

70.     Had Plaintiffs known about the hidden booking fees and had Plaintiffs known the cancellation policy was illusory, Plaintiffs would not have booked a room through Reservations.com.

71.     Defendant also deceived Plaintiffs in order to misappropriate money from Plaintiffs. Although Defendant and their agents were aware of the hidden booking fees and the illusory cancellation policy at the time of sale, Defendant failed to disclose these facts to Plaintiffs.

72.     Plaintiffs and the Florida Class Members reasonably expected that the hotel room would not include an additional fee of $14.99 per room for a booking that was not previously disclosed to Plaintiffs or the Class Members. Further, Plaintiffs and the Florida Class Members reasonably expected Defendant to honor their cancellation policies as represented to them at the time they booked their room.

73.     A causal nexus exists between Defendant's unlawful conduct and the damages suffered by Plaintiffs. But for Defendant's misrepresentations, omissions, and/or deceptive, unfair,

unconscionable, and/or fraudulent business practices and/or policies, Plaintiffs would not have purchased hotel rooms through Reservations.com or would have paid substantially less for them.

74.     As a direct result of the material omissions, material misrepresentations, unfair, unlawful, unconscionable, fraudulent, and/or deceptive business practices, Plaintiffs and the Class Members have been damaged.

## COUNT III

### VIOLATION OF STATE STATUTES
### PROHIBITING UNFAIR AND DECEPTIVE
### ACTS AND PRACTICES
(On Behalf of Plaintiffs and All Classes)

75.     Plaintiffs reallege and reincorporate herein by this reference all of the allegations set forth in paragraphs 1 through 34 as though set forth in full herein.

76.     The various states' deceptive trade practices acts were enacted by the various states to protect consumers from unfair, unconscionable, fraudulent, and/or deceptive business practices.

77.     Certain of Defendant's policies and/or practices described in this Complaint constitute unfair, unconscionable, fraudulent, and/or deceptive trade or business practices.

78.     Defendant engaged in the same acts and practices described in Count II, Violation of Florida Deceptive and Unfair Trade Practices Act with respect to the Class Members in the Nationwide Class.

79.     Defendant engaged in such conduct as a general business practice, uniformly and as a matter of policy, when it is unlawful to do so as described throughout the complaint.

80.     As a result of Defendant's unfair, unconscionable, unlawful, unethical, fraudulent, and/or deceptive business practices as set forth throughout this Complaint, Plaintiffs and the Classes have been harmed and Defendant has been improperly and unjustly enriched.

81.     Plaintiffs and members of the Classes have sustained damages as a result of

Defendant's policies and practices as alleged herein.

82.     The following states have consumer protection statutes that, like those of Florida,

prohibit unfair or unconscionable practices:

**Arkansas:** ARK. CODE ANN. § 4-88-107, *et seq.*
**California:** Cal. Civ. Code § 1750, *et seq.*; California Business & Professions Code
§17200, *et seq.*; Cal. Bus. & Prof. Code § 17500, *et seq.*
**Connecticut:** CONN. GEN. STAT. § 42-110b, *et seq.*
**District of Columbia:** DISTRICT OF COLUMBIA CODE § 28-3901, *et seq.*
**Florida:** Fla. Stat. § 501.201, *et seq.*
**Hawaii:** HAW. REV. STAT. § 480, *et seq.*
**Illinois:** the Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill.
Comp. Stat. Ann. §505/1 *et seq.* (Smith Hurd)) and the Uniform Deceptive Trade
Practices Act (815 Ill. Comp. Stat. Ann. 510/1 *et seq.* (Smith Hurd));
**Idaho:** IDAHO CODE § 48-601, *et seq.*
**Indiana:** INDIANA CODE ANN. § 24-5-0-5.1, *et seq.*
**Kansas:** KAN. STAT. § 24-5-0.5-1, *et seq.*
**Kentucky:** KENTUCKY REV. STAT. § 367.110, *et seq*
**Maine:** ME. REV. STAT. Tit. 5, § 205-A, *et seq.*
**Maryland:** MD. CODE. ANN., COM. LAW § 13-101, *et seq.*
**Massachusetts:** MASS. GEN. L. Ch. 93A, *et seq.*
**Michigan:** MICH. STAT. § 445.901, *et seq.*
**Missouri:** Mo. Rev. Stat. §407.010 *et seq.*
**Nebraska:** NEB. REV. STAT. § 59-1601, *et seq.*
**New Hampshire:** N.H. REV. STAT. ANN. § 358-A:1, *et seq.*
**New Jersey:** N.J.S.A. § 56:8-1, *et seq.*
**New Mexico:** N.M. STAT. ANN. § 57-12-1, *et seq.*
**North Carolina:** N.C.G.S. §75-1.1, *et seq.*
**Ohio:** OHIO REV. STAT. § 1345.01, *et seq.*
**Oklahoma:** OKLA. STAT. Tit. 15, § 751, *et seq.*
**Oregon:** OR. REV. STAT. § 646.605, *et seq.*
**Pennsylvania:** 73 PA STAT. § 201-1, *et seq.*
**Rhode Island:** R.I. GEN. LAWS § 6-13.1-1, *et seq.*
**Texas:** Tex. Bus. & Com. Code § 17.50
**Utah:** UTAH CODE § 13.11-1, *et seq.*
**Vermont:** VT. STAT. ANN. Tit. 9, § 2451, *et seq.*
**Washington:** WASH. REV. CODE § 19.86.010, *et seq.*
**West Virginia:** W. VA. CODE § 46A-6-101, *et seq.*
**Wyoming:** WYO. STAT. ANN. § 40-12-101, *et seq.*

83.     The following states' statutes are among those that broadly prohibit unfair and

deceptive acts and practices: California, Connecticut, Florida, Hawaii, Illinois, Maine, Maryland, Missouri, Nebraska, New Hampshire, North Carolina, Oklahoma, Rhode Island, Vermont, Washington, West Virginia, and Wyoming.

84.    The states of Arkansas, Idaho, Kansas, New Jersey, New Mexico and Texas prohibit "unconscionable" and deceptive conduct.

85.    Oregon also outlaws "unfair or deceptive conduct in trade or commerce," as well as "any unconscionable tactic in connection with the sale, rental or other disposition of real estate, goods or services." Or. Rev. Stat. § 646.607(1) and 646.608(u).

86.    The following states, by statute, state regulation, or case law, expressly incorporate the FTC's and the courts' interpretations of Section 5 of the FTC Act into their consumer protection statutes:    California, Connecticut, Florida, Hawaii, Illinois, Idaho, Maine, Maryland, Massachusetts, New Hampshire, North Carolina, Rhode Island, Texas, Washington, and West Virginia.

87.    The following states have consumer protection statutes that, like those of Florida, prohibit deceptive practices:

> **Alaska:** ALASKA STAT. § 45.50.471, *et seq.*
> **Arizona:** ARIZ. REV. STAT. ANN. §§ 44-1521, *et seq.*
> **Colorado:** COLO. REV. STAT. § 6-1-101, *et seq.*
> **Delaware:** DEL. CODE ANN. Title 6, § 2511, *et seq.*
> **Iowa:** IOWA CODE §§ 714.16 through 714.16A.
> **Minnesota:** MINN. STAT. § 325F.68, *et seq.*
> **Nevada:** NEV. REV. STAT. § 598.0903, *et seq.*
> **New York:** N.Y. EXEC. LAW § 63(12); N.Y. GEN. BUS. LAWS § 349(a), *et seq.*
> **North Dakota:** N.D. CENT. CODE § 51-15-01, *et seq.*
> **South Dakota:** S.D. CODIFIED LAWS § 37-24-1, *et seq.*
> **Wisconsin:** WIS. STAT. § 100.20, *et seq.*

88.    The statutes of each of the states listed in this section of the Complaint provide consumers with a private right of action for the unfair, unconscionable, and/or deceptive acts and

practices of Defendant.

89.     These violations have directly, foreseeably, and proximately caused actual damages to Plaintiffs and the Classes in amounts yet to be determined. They have also unjustly enriched Defendant by an amount yet to be determined.

90.     Plaintiffs and the Classes are likewise entitled to recover by disgorgement an amount sufficient to restore to Plaintiffs and the Classes all monies improperly taken from them. In addition, Plaintiffs and the Classes are entitled to injunctive relief to prevent Defendant from continuing to harm them through its wrongful actions and conduct.

### COUNT IV
### UNJUST ENRICHMENT
(On Behalf of Plaintiffs and All Classes)

### (IN THE ALTERNATIVE TO COUNTS I)

91.     Plaintiffs reallege and reincorporate herein by this reference all of the allegations set forth in paragraphs 1 through 34 as though set forth in full herein.

92.     Defendant received a benefit from Plaintiffs and members of the Classes when they inequitably received the hidden booking fees ($14.99 for each room booked) from Plaintiffs and the Classes.

93.     Defendant also received a benefit from Plaintiffs and members of the Classes who needed to cancel their room when they inequitably retained the proceeds from the hotel room itself even though Plaintiffs took the steps necessary to cancel the room and was entitled to cancellation and reimbursement.

94.     Plaintiffs and members of the Classes were injured in the amount of $14.99 for each room booked and the amount of the hotel in those instances where the Plaintiffs and members of the Classes tried to cancel one or more rooms.

95.     Defendant was unjustly enriched by its unlawful actions resulting in damages to the Plaintiffs and members of the Classes.

## COUNT V
## CONVERSION
### (On Behalf of Plaintiffs and All Classes)

96.     Plaintiffs reallege and reincorporate herein by this reference all of the allegations set forth in paragraphs 1 through 34 as though set forth in full herein.

97.     Defendant had, and continues to have, a duty to withdraw only those amounts agreed to by Plaintiffs and the Classes and to prevent their diminishment through wrongful acts.

98.     Defendant has wrongfully collected three hidden booking fees in the amount of $14.99 each from Plaintiffs and the members of the Classes, and has taken specific and readily identifiable funds from Plaintiffs in payment of these fees in order to satisfy them.

99.     Defendant has, without proper authorization, assumed and exercised the right of ownership over these funds, in hostility to the rights of Plaintiffs and the members of the Classes, without legal justification.

100.    Defendant continues to retain these funds unlawfully without the consent of Plaintiffs or members of the Classes.

101.    Defendant intends to permanently deprive Plaintiffs and the members of the Classes of these funds.

102.    These funds are properly owned by Plaintiffs and the members of the Classes, not Defendant, which now claims that it is entitled to their ownership, contrary to the rights of Plaintiffs and the members of the Classes.

103.    Plaintiffs and the members of the Classes are entitled to the immediate possession of these funds.

104.    Defendant has wrongfully converted these specific and readily identifiable funds.

105.    Defendant's wrongful conduct is continuing.

106.    As a direct and proximate result of this wrongful conversion, Plaintiffs and the members of the Classes have suffered, and continue to suffer, damages.

107.    By reason of the foregoing, Plaintiffs and the members of the Classes are entitled to recover from Defendant all damages and costs permitted by law, including all amounts that Defendant has wrongfully converted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, demands a jury trial on all claims so triable and judgment as follows:

A.    Declaring Defendant's marketing and/or sale of hotel rooms and administration of its hotel booking platform, its cancellation policies and practices, and its policies and practices related to its assessment of a hidden booking fee, its cancellation policies and practices, and its policies and practices related to its assessment of a hidden booking fee, as well as the other policies and practices described herein to be violative of the agreement, and/or that are wrongful, unconscionable, unfair, deceptive, unlawful, unethical, and/or fraudulent and in violation of common law and various statutory laws;

B.    Awarding restitution of all fees at issue paid to Defendant by Plaintiffs and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

C.    Compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

D.    Awarding actual and/or compensatory damages in an amount according to proof;

E.    Awarding punitive and exemplary damages;

F.     Awarding treble damages pursuant to various states' unfair and deceptive trade practices acts;

G.     Awarding statutory damages;

H.     Awarding pre-judgment interest at the maximum rate permitted by applicable law;

I.     Reimbursing all costs, expenses, and disbursements accrued by Plaintiffs in connection with this action, including reasonable attorneys' fees, costs, and expenses, pursuant to applicable law and any other basis; and

J.     Awarding such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: 10/3/2017           By: _____

WAGNER MCLAUGHLIN, P.A.
Jason K. Whittemore
601 Bayshore Blvd., Suite 910
Tampa, Florida 33606
Telephone: (813) 225-4000
Email: jason@WagnerLaw.com
Secondary email: arelys@wagnerlaw.com

and

Francis J. "Casey" Flynn, Jr. (seeking admission *pro hac vice*)
THE LAW OFFICE OF FRANCIS J. FLYNN, JR.
6220 West Third Street, #115
Los Angeles, California 90036
Tele: 314-662-2836
Facsimile: 855-710-7706
Email: francisflynn@gmail.com

**ATTORNEYS FOR PLAINTIFFS AND THE
PROPOSED CLASSES**